**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT JONAS,** | ) | **CASE NO. 1:12 CV 544** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | |
| **AIG DOMESTIC CLAIMS, INC., et al.,** | ) | <u>**MEMORANDUM OPINION**</u> |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion for Judgment on the Pleadings filed by Defendant, National Union Fire Insurance Company of Pittsburgh, Pa. (Docket #14.)

**Factual Background**

From 1985 until 2002, Plaintiff, Robert Jonas, served as the President of W.P. Hickman Systems, Inc. ("Hickman"). From 2002 until November 29, 2007, Mr. Jonas was employed as Sales Director of Hickman and served on Hickman's Board of Directors. In August 2007, Mr. Jonas states that he "blew the whistle internally at Hickman regarding fraud, embezzlement, and other corporate malfeasance by certain Hickman officers" Opposition Brief at p. 2. Hickman terminated Mr. Jonas's employment in November 2007 and removed him from the Board of Directors in December 2007.

On April 9, 2008, Mr. Jonas filed a Complaint in the Cuyahoga County Court of Common Pleas, *Robert Jonas v. W.P. Hickman Systems, Inc.*, Case No. CV 08 656375, asserting claims against Hickman for defamation; wrongful termination in violation of Ohio public policy; and, wrongful termination in violation of Ohio Revised Code § 4113.52.  On November 7, 2011, Mr. Jonas obtained a Consent Judgment against Hickman in the amount of $3,000,000.

On January 31, 2012, Mr. Jonas filed his Supplemental Complaint against AIG Domestic Claims, Inc.; National Union; and, Gemini Insurance Company.  National Union issued Insurance Policy No. 290-54-28 to Hickman ("the Policy"), effective September 14, 2007 to September 14, 2008.  Mr. Jonas seeks coverage under the Policy for the Consent Judgment.

On April 2, 2012, National Union filed its Motion for Judgment on the Pleadings. (Docket #14.)  National Union argues Mr. Jonas is not entitled to coverage under the Policy pursuant to the Policy Exclusions set forth in Clause 4, Paragraphs (i); (i)(2); and, (i)(3), which read as follows:

    4.    Exclusions

        The insurer shall not be liable to make any payment for Loss in connection with a Claim made against an insured:

        *    *    *

    (i)    Which is brought by any Insured . . . this exclusion shall not apply to:

        *    *    *

        (2)    an Employment Practices Claim brought by an Employee of the Company other than an Employee who is or was a director, member of the Board of Managers or management committee member of the Named Entity;

        (3)    any Claim brought by any past director, officer,

>management committee member or member of the Board of Managers of a Company, who has not served as a duly elected or appointed director, officer, management committee member or member of the Board of Managers (or equivalent position) of or consultant to a Company for at least four (4) years prior to such Claim being first made against any person; . . .

Policy at Clause 4 (see Endorsement #4).

National Union states that as a past employee of Hickman, Mr. Jonas is an "Insured" under the Policy and, therefore, Exclusion (i) precludes coverage for the Consent Judgment. National Union further states that the Exceptions to Exclusion (i) do not apply because Mr. Jonas "was" a director of Hickman, as referenced in Exception (i)(2), and was a "past director" of Hickman within four years prior to the claim being made, as referenced in Exception (i)(3).

On June 4, 2012, Mr. Jonas filed his Opposition to Defendant National Union Fire Insurance Company's Motion for Judgment on the Pleadings. (Docket #23.) Mr. Jonas argues that the "Insured vs. Insured" Exclusion does not apply to the Consent Judgment. Specifically, Mr. Jonas cites Exception (i)(2) of the Policy, which provides that the Insured vs. Insured Exclusion does not apply to "an Employment Practices claim brought by an Employee of the Company other than an Employee who is or was a director, member of the Board of Managers or Management committee member of the named Entity."

Mr. Jonas argues that Exception (i)(2) should be read to exclude coverage only if the Employee "was a director" of Hickman when the Claim was filed. Mr. Jonas asserts that because he was no longer a director at the time he filed his Complaint in April 2008, the Insured vs. Insured Exclusion does not bar coverage for the Consent Judgment. Mr. Jonas urges the Court to draw a distinction between the phrases "past director" and "was a director," and that the

-3-

use of the word "was" in Exception (i)(2) instead of the word "past" (as is used in Exception (i)(3)) must be interpreted to mean that the Insured vs. Insured Exclusion would only apply if he were serving as a director at the time he filed his Complaint in April 2008.

In addition to the foregoing, Mr. Jonas argues that the purpose of the Insured vs. Insured Exclusion is to prevent collusion among associates, not to exclude wrongful discharge suits and, that because there is no sign of collusion in this case, the Insured vs. Insured Exclusion is inapplicable.

On July 9, 2012, National Union filed its Reply Memorandum in Support of Motion for Judgment on the Pleadings. (Docket #27.)

**Standard of Review**

The Sixth Circuit reviews motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) under the de novo standard applicable to motions to dismiss under Rule 12(b)(6). *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n. 1 (6th Cir. 1988). Correspondingly, the standard of review used by a district court to rule on a motion for judgment on the pleadings is the same as the standard used to rule on Rule 12(b)(6) motions. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of

law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be decided

**Discussion**

Insurance contracts must be construed in accordance with the same rules as other written contracts. *Universal Underwriters Ins. Co. v. Shuff*, 67 Ohio St. 2d 172, 423 N.E.2d 417 (1981). "[T]he most critical rule is that which stops this court from rewriting the contract when the intent of the parties is evident, i.e., if the language of the policy's provisions is clear and

unambiguous, this court may not 'resort to construction of that language.'" *Hybud Equipment Corp. v. Sphere Drake Ins. Co., Ltd.*, 64 Ohio St. 3d 657, 665, 597 N.E. 2d 1096, 1102 (1992) (quoting *Karabin v. State Auto. Mut. Ins. Co.*, 10 Ohio St. 3d 163, 167, 462 N.E. 2d 403, 406 (1984)).

As the Ohio Supreme Court stated in *Westfield Ins. Co. v. Galatis*, 100 Ohio St. 3d 216, 219, 797 N.E.2d 1256, P11 (2003) (citations omitted):

> We examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy. We look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties. As a matter of law, a contract is unambiguous if it can be given a definite legal meaning.

"[A]n exclusion in an insurance policy will be interpreted as applying only to that which is clearly intended to be excluded." *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.*, 64 Ohio St.3d 657, 665, 597 N.E.2d 1096, 1103 (1992).

### The Policy - Exclusions and Exceptions.

The National Union Fire Insurance Policy excludes coverage for Claims brought by an Insured, except under certain circumstances.

### Clause 4, Exception (i)(2).

Clause 4, Exception (i)(2) reads, in its entirety, as follows:

**The insurer shall not be liable to make any payment for Loss in connection with a Claim made against an Insured:**

(i) **which is brought by any Insured** or by the Company; or which is brought by any security holder of the Company, whether directly or derivatively, unless such security holder's Claim is instigated and continued totally independent of, and totally without the solicitation of, or assistance of, or active participation of, or intervention of, any insured; **provided, however, this exclusion shall not apply**

-6-

>> **to:**
>>
>> (2) **an Employment Practices Claim brought by an Employee** of the Company **other than an Employee who is or was a director**, member of the Board of Managers or management committee member of the Named Entity.

(Emphasis added.)

Exception (i)(2) permits coverage for an "Employment Practices Claim" brought by an Employee, but specifically states that this Exception to the Insured vs. Insured Policy Exclusion for an "Employment Practices Claim" does not apply if the Employee bringing the Claim "is or was" a director of the Company.[1]  Thus, Exception (i)(2) distinguishes an Employment Practices Claim made by an Employee who was never a director, versus an Employee who is currently or was previously a director.

Mr. Jonas "was" a director of the Company from 1985 to December 19, 2007. Therefore, Mr. Jonas's claim does not fall within Exception (i)(2) to the Insured vs. Insured Policy Exclusion.  Mr. Jonas argues that the language "was a director" in Exception (i)(2) should be interpreted to mean that the Employee must have been a director at the time the Claim was filed in order for the Insured vs. Insured Exclusion to apply.  Opposition Brief at p. 5. There is no basis for this argument and such an interpretation would require the Court to effectively add language the Policy, thereby creating an Exception to the Insured vs. Insured Exclusion which simply does not exist.

---

[1] "Employee" is defined by the Policy as "any past, present or future employee." Paragraph 2(f).  Insured means either an "Individual Insured" or "the Company." Paragraph 2(j).  The definition of an "Individual Insured" includes any Employees of the Company and any past, present or future directors.  Paragraphs 2(i)(1) and 2(i)(4).  There is no dispute that Mr. Jonas was an Insured under the Policy.

**Clause 4, Exception (i)(3)**

Exception (i)(3), part of Endorsement 4 to the Policy, provides an Exception for Claims made by an Employee who was a past director, provided that a certain amount of time has passed. Clause 4, Exception (i)(3) reads, in its entirety, as follows:

> **The insurer shall not be liable to make any payment for Loss in connection with a Claim made against an Insured:**
>
> (i) **which is brought by any Insured** or by the Company; or which is brought by any security holder of the Company, whether directly or derivatively, unless such security holder's Claim is instigated and continued totally independent of, and totally without the solicitation of, or assistance of, or active participation of, or intervention of, any insured; **provided, however, this exclusion shall not apply to:**
>
> (3) **any Claim brought by any past director**, officer, management committee member or member of the Board of Managers of a Company, **who has not served as a duly elected or appointed director**, officer, management committee member or member of the Board of Managers (or equivalent position) of or consultant to a Company **for at least four (4) years prior to such Claim being first made against any person**; . . .

(Emphasis added.)

Exception (i)(3) provides an Exception to the Insured vs. Insured Exclusion for "any Claim" brought by a "past director" who has not served as a director for at least four years prior to bringing the Claim. Mr. Jonas was a director of Hickman through December 2007. His Claim against Hickman was first made on April 9, 2008. Therefore, Mr. Jonas served as a director within four years of bringing his claim. The Exception to the Insured vs. Insured Exclusion set forth in Exception (i)(3) does not permit coverage for Mr. Jonas's claim.

Reading Sections (i)(2) and (i)(3) together, the Policy was drafted in such a way as to exclude coverage for an Employment Practices Claim made by an Employee who is recent director of the Company (served within four years of filing the Claim) but to allow coverage for

-8-

any claim, even an Employment Practices Claim, by an Employee whose service as a director was further in the past.  Thus, whether or not a former director can bring an Employment Practices Claim under the express language of the Policy is based upon the length of time since the Claimant served as a director.  In this case, because his Claim was filed within four years of his service as a director of the Company, Mr. Jonas's Claim is excluded from coverage.

The Court takes note of the fact that Exception (i)(3) refers to the "Claim being first made against any "person."  It is unclear whether the word "person" was chosen intentionally, or was meant to include claims against the Company, Hickman.  If in fact the word "person" was chosen purposefully, then Exception (i)(3) would have no relevance Mr. Jonas's Claims against the Company.  However, Mr. Jonas's Claims would still be Excluded under Clause 4, Paragraph (i), and not subject to Exception (i)(2), because of Mr. Jonas's prior service as a director of the Company.

## Conclusion

For the reasons stated above, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

The Motion for Judgment on the Pleadings filed by Defendant, National Union Fire Insurance Company of Pittsburgh, Pa. (Docket #14) is GRANTED.

This case is hereby TERMINATED.

IT IS SO ORDERED.

                                                    s/Donald C. Nugent
                                                    DONALD C. NUGENT
                                                    United States District Judge

DATED: August 17, 2012